OPINION
{¶ 1} Plaintiffs-appellants, Harold and Jacqueline Russell, appeal a decision of the Mahoning County Common Pleas Court granting summary judgment in a declaratory judgment action in favor of defendant-appellee, State Auto Insurance Co. The court held that appellants were not entitled to underinsured motorists (UIM) coverage under a business auto policy issued by appellee.
 {¶ 2} Appellants were injured in a "hit-and-run" automobile accident on or about October 5, 1997. To date, the tortfeasor has not been identified, and, therefore, appellants have not been able to recover any insurance proceeds from the tortfeasor's insurance company. At the time of the accident, Jacqueline Russell was employed by Youngstown Floral Supply, Inc. Appellee insured Youngstown Floral Supply, Inc. at the time of the accident. Appellants were not family members at the time of the accident. Neither appellants nor Youngstown Floral Supply, Inc. owned the vehicle that appellants were occupying at the time of the accident. Appellee received notice of the claim in October of 2000.
 {¶ 3} On March 30, 2001, appellants filed a declaratory judgment action against appellees, seeking uninsured motorist coverage for injuries and loss of service and society under a policy of insurance issued to Youngstown Floral Supply, Inc. and pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 710 N.E.2d 1116.
 {¶ 4} On July 25, 2002, appellee filed a motion for summary judgment.
 {¶ 5} On January 21, 2003, the trial court determined that appellants had violated the policy's two-year limitation period and appellee was therefore entitled to summary judgment.
 {¶ 6} Appellants requested reconsideration of the judgment based upon the December 27, 2002 decision by the Ohio Supreme Court in Ferrando v. Auto-Owners Mut. Ins. Co.,98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927.
 {¶ 7} On February 3, 2003, the trial court vacated its earlier entry pending consideration of appellants' motion for reconsideration. In response, appellee argued that the Ferrando
decision did not impact upon the trial court's enforcement of the two-year limitation period contained in appellee's policy. The trial court agreed, and by entry on March 26, 2003, reinstated its January 21, 2003 order. This appeal followed.
 {¶ 8} On November 21, 2003, this court instructed the parties to file any supplemental authority as to why this case should or should not be disposed of based on the Ohio Supreme Court's ruling in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256. Both appellants and the appellees filed supplemental authority. On January 15, 2004, this court issued a judgment entry indicating that oral argument would be considered waived unless a request was filed within ten days. No request having been made, this matter comes for consideration upon the record in the trial court, the parties' briefs and supplemental authority filed.
 {¶ 9} Appellants' sole assignment of error states:
 {¶ 10} "The trial court erred to the prejudice of plaintiff-appellant by granting defendant's motion for summary judgment."
 {¶ 11} In Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, the Ohio Supreme Court limited the Scott-Pontzer holding at paragraph two of the syllabus:
 {¶ 12} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."
 {¶ 13} The Court also held at paragraph three of the syllabus:
 {¶ 14} "Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured."
 {¶ 15} In this case, Jacqueline Russell was not acting within the course and scope of her employment at the time of the accident. (Deposition of Harold Russell, pp. 28-29.) Therefore, the judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.